UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
DAWN RIVERA,                                        :

                Plaintiff,            :

        -against-                           :          **MEMORANDUM AND ORDER**

DOLLAR TREE STORES, INC. STORE     :          20-CV-4990 (KNF)
NUMBER 4388 D/B/A/ DOLLAR TREE,
                             :

                Defendant.
--------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## INTRODUCTION

The plaintiff commenced this removed action asserting that she was caused to fall at the

defendant's property "as a result of a dangerous, defective, hazardous, and unsafe condition" and

sustained bodily injury as a result of the defendant's negligence.  In the plaintiff's verified bill of

particulars, the plaintiff asserted, inter alia, that: (i) the incident occurred on November 5, 2016;

(ii) "[t]he boxes were strewn around the floor in the aisle where candy, snacks and nuts were on

display"; (iii) "[a]s Plaintiff was walking through the store, she rounded the corner and tripped

on one of the boxes left in the aisle along with other boxes strewn across the aisle"; and (iv) the

defendant was negligent in failing "to maintain the safety of their store and allowed it to exist

and remain in a dangerous, defective, hazardous and unsafe condition," "permitting and/or

allowing a dangerous condition to exist and be on the Defendant's premise, to be and become

and remain in a dangerous, unsafe, and improper condition," "in allowing boxes to remain

strewn around one of the aisles where Plaintiff tripped and fell," "failing to place posted signs,

warnings, barricades, cones, ropes or other devices to prevent shoppers walking up and down the

aisles or from entering the unsafe area," "causing, permitting and/or allowing said store's floors

1

to be and remain in an unsafe, improper, and dangerous condition for an unreasonable amount of time," "failing to remedy said dangerous condition," and "failing to safely remove the boxes." Before the Court is the defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure opposed by the plaintiff.

## DEFENDANT'S CONTENTIONS

The defendant argues that, "because the cardboard [box] was open and obvious, [the defendant] did not breach a duty to plaintiff." The defendant asserts:

> New York Courts have consistently granted—and affirmed—summary judgment for defendants because cardboard on the floor is open and obvious, and is not inherently dangerous. . . . The cardboard box, like those in [*Boyle v. Pottery Barn*, 117 A.D.3d 665, 985 N.Y.S.2d 291 (2d Dep't 2014), *Sosa v. RS 2001, Inc.*, 106 A.D.3d 720, 964 N.Y.S.2d 227 (2d Dep't 2013), *Schoen v. King Kullen Grocery Co., Inc.*, 296 A.D.2d 486, 745 N.Y.S.2d 554 (2d Dep't 2002), and *Boehme v. Edgar Fabrics*, 248 A.D.2d 344, 669 N.Y.S.2d 648 (2d Dep't 1998)], was open and obvious, and not inherently dangerous condition. It was a brown box against a white floor, about 11 by 14 with the edges folded up. Plaintiff admitted in her pleadings and deposition testimony concede that *the box was in plain sight*. Simply put, Plaintiff was in a hurry and not paying attention to what was right in front of her. As a matter of law, Dollar Tree had no duty to protect or warn her of the cardboard box—it was not inherently dangerous, and was readily observable to those who employing the reasonable use of their senses (*i.e.* everyone else in the aisle).

In support of its motion, the defendant submitted its attorney's declaration with exhibits and a statement pursuant to Local Civil Rule 56.1 of this court.

## THE PLAINTIFF'S CONTENTIONS

The plaintiff argues that the defendant "failed to show a genuine issue of material fact did not exist as to [the plaintiff's] claim that [the defendant's] negligence created a dangerous, defective, hazardous, and unsafe condition that caused her injuries." According to the plaintiff:

> [The defendant's] motion is based on its misunderstanding of New York law concerning premises liability and [the plaintiff's] complaint. . . . New York law is clear that a landowner must act as a reasonable person in maintaining its property

2

in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk. . . . [The defendant] never engaged in the allegations asserted in [the plaintiff's] complaint. [The plaintiff] asserted in her complaint that [the defendant's] negligence created a dangerous, defective, hazardous, and unsafe condition that caused her injuries. Although [*Aberger v. Camp Loyaltown, Inc.*, 193 A.D.3d 195, 199, 142 N.Y.S. 3d 528, 531-532 (App. Div. 1st Dep't 2021)] dictates that a landowner has a broader duty to maintain the premises in a reasonably safe condition beyond a duty to warn; [the defendant] argued it did not, because the dangerous condition that caused [the plaintiff's] injuries was open and obvious even though [the plaintiff] did not make a duty to warn allegation.

In support of its opposition, the plaintiff submitted her attorney's declaration with exhibits and her statement pursuant to Local Civil Rule 56.1 of this court.

## DEFENDANT'S REPLY

In reply, the defendant asserts that the plaintiff did not contradict any facts asserted in the defendant's Rule 56.1 statement and they should be deemed admitted. Moreover, the plaintiff "failed to offer any evidence in opposition" to the motion. The defendant maintains that it "has no duty to protect [the plaintiff] against an open and obvious condition. *See Tagle v. Jakob*, 97 N.Y.2d 165, 169 (2001), *Panetta v. Paramount Commc'ns, Inc.*, 255 A.D.2d 568 (2d Dep't 1998)." According to the defendant, its "inspection practices are not at issue in this motion—rather, the question is whether Plaintiff saw what was readily observable if she was paying attention. She did not. [The defendant] is not negligent for Plaintiff's fall."

## LEGAL STANDARD

A motion for summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (a). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or

unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). A "dispute about a material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ." Id. at 255, 106 S. Ct. at 2513. In deciding a summary judgment motion, "[t]here is no requirement that the trial judge make findings of fact. The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250, 106 S. Ct. at 2511. Thus, summary judgment is improper "[i]f reasonable minds could differ as to the import of the evidence." Id.

> "A landowner must act as a reasonable [person] in maintaining [its] property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk" (*Basso v. Miller*, 40 N.Y.2d 233, 241, 386 N.Y.S.2d 564, 352 N.E.2d 868 [1976] [internal quotation marks omitted]). Indeed, "the duty of the owner or occupier will vary with the likelihood of plaintiff's presence at the particular time and place of the injury. While [plaintiff's] status is no longer determinative, considerations of who plaintiff is and what [his or her] purpose is upon the land are factors which, if known, may be included in arriving at what would be reasonable care under the circumstances" (*id.*). Moreover, a landowner or occupier "has a duty to take reasonable precautions to prevent accidents which might foreseeably occur as the result of dangerous terrain on its property by posting warning signs or otherwise neutralizing dangerous conditions" (*Cohen v. State of New York,* 50 A.D.3d 1234, 1235, 854 N.Y.S.2d 253 [3rd Dept. 2008], *lv denied* 10 N.Y.3d 713, 861 N.Y.S.2d 274, 891 N.E.2d 309 [2008] [internal quotation marks and citations omitted]). "[E]ven if a hazard qualifies as 'open and obvious' as a matter of law, that characteristic merely eliminates the property owner's duty to warn of the hazard, but does not eliminate the broader duty to maintain the premises in a reasonably safe condition" (*Westbrook v. WR Activities–Cabrera Mkts.,* 5 A.D.3d 69, 70, 773 N.Y.S.2d 38 [1st Dept. 2004]; *see also Garrido v. City of New York,* 9 A.D.3d 267, 779 N.Y.S.2d 208 [1st Dept. 2004]; *Salvador v. New York Botanical Garden,* 74 A.D.3d 540, 905 N.Y.S.2d 150 [1st Dept. 2010]). "A landlord's duty to maintain premises in a reasonably safe condition under *Basso v. Miller,* 40 N.Y.2d 233, 386 N.Y.S.2d 564, 352 N.E.2d 868 (1976) is not satisfied by permitting a

highly dangerous – but correctible – condition to remain, simply because the dangerous condition is obvious" (*Westbrook,* 5 A.D.3d at 74, 773 N.Y.S.2d 38).

<u>Aberger</u>, 193 A.D.3d at 199, 142 N.Y.S.3d at 531–32.

## APPLICATION OF LEGAL STANDARD

Although the plaintiff argues that she does not allege negligence based on failure to warn, the plaintiff's bill of particulars is contradictory.  However, the plaintiff's submissions in opposition to the motion make clear that, to the extent the plaintiff alleged negligence based on failure to warn, she abandoned that cause of action.

The plaintiff is correct that the defendant's motion and its Rule 56.1 statement focus entirely on showing that the condition at issue was open and obvious, eliminating liability for failure to warn.  The defendant did not address in its reply additional material facts asserted in the plaintiff's Rule 56.1 statement and supported by citation to admissible evidence that go toward the defendant's broader duty to maintain the premises in a reasonably safe condition.  Since the only cause of action in this case is negligence based on the defendant's duty to maintain its premises in a reasonably safe condition, which the defendant did not address in its motion, and genuine issues of material facts exist concerning that cause of action, granting summary judgment is not warranted.

## CONCLUSION

For the foregoing reasons, the defendant's motion for summary judgment, Docket Entry No. 31, is denied.

Dated:  New York, New York
          November 1, 2021

SO ORDERED:

*Kevin Nathaniel Fox*

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

5