```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
DAWN RIVERA,                                          :

                        Plaintiff,                    :

        -against-                                     :       MEMORANDUM AND ORDER

DOLLAR TREE STORES, INC. STORE                        :       20-CV-4990 (KNF)
NUMBER 4388 D/B/A/ DOLLAR TREE,
                                                      :
                        Defendant.
------------------------------------------------------X
```
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Before the Court is a motion by defendant Dollar Tree Stores, Inc. ("Dollar Tree") for "an Order pursuant to Local Civ. Rule 6.3 for reconsideration and reargument of Dollar Tree's motion for summary judgment dismissing Plaintiff's claims against Dollar Tree." The plaintiff opposes the motion.

## DEFENDANT'S CONTENTIONS

The defendant argues "that the Court erred by misapplying state law. The Court's determination that Dollar Tree failed to demonstrate that it did not breach its duty to maintain the premises in a safe condition is irrelevant because Plaintiff did not establish that a dangerous condition existed." The defendant contends:

> As Dollar Tree discussed in its memorandum of law in support of its motion for summary judgment (Dk.t No. 31-8), New York Courts have consistently granted— and affirmed— summary judgment for defendants because cardboard on the floor is open and obvious, and is not inherently dangerous. We respectfully submit that the Court erred in not considering this issue. . . Here, the condition that allegedly caused Plaintiff's accident—a cardboard box—was an open and obvious, and not inherently dangerous, condition. Plaintiff pled that the box was in plain sight and, she did not proffer any argument that it was open and obvious in opposition to summary judgment. Most importantly, Plaintiff did not submit a single shred of evidence demonstrating that the cardboard box was dangerous; she did not even address this issue in her opposition papers, conceding this point. . . . Dollar Tree

1

established, without opposition, that the cardboard box was open and obvious and not inherently dangerous. Thus the inquiry regarding whether Dollar Tree breached its duty of maintenance is moot. Dollar Tree respectfully requests that the Court reconsider its November 1, 2021 Decision and Order denying its motion for summary judgment.

In support of its motion, the defendant submitted a declaration by its attorney with exhibits.

## PLAINTIFF'S CONTENTIONS

The plaintiff contends that the defendant's motion for reconsideration should be denied because it "neither cites to new law, available new evidence, shows a clear error, or shows injustice. Instead, it is a mere attempt to plug gaps of a lost motion that this Court considered fully." According to the plaintiff, the Court should not rule on "an argument that defendant failed to make," and the defendant's "failure to raise an argument in its Rule 56 motion is neither new law, available new evidence, a clear error nor injustice." In support of the opposition to the motion, the plaintiff submitted her attorney's declaration with an exhibit.

## DEFENDANT'S REPLY

In reply, the defendant argues that "the facts and law compelled summary judgment." The defendant contends:

> Plaintiff acknowledged that Dollar Tree established, as a matter of law, that the open and obvious cardboard box is not an inherently dangerous condition. The inquiry into Dollar Tree's liability ends there. Dollar Tree argues that the Court overlooked facts and misapplied controlling law which led to the denial of its motion for summary judgment. The Court's decision is predicated upon Plaintiff raising genuine issues of material fact concerning whether the cardboard box was a dangerous condition—a fact she never proved or even argued. The question of whether the cardboard box is dangerous is material—and a prerequisite element of Plaintiff's claim. Without providing evidence that the cardboard box was dangerous, Plaintiff's entire claim falls apart and the issue of whether Dollar Tree breached its duty is never reached. . . . Since plaintiff has failed submit evidence to prove this essential element of her case, it was an error and manifest injustice to deny Dollar Tree's summary judgment motion.

2

The defendant contends that the Court "erred by moving to the inquiry of whether Dollar Tree breached the duty to Plaintiff before addressing whether Plaintiff met her burden in establishing that a dangerous condition existed." According to the defendant, it "met its burden in the underlying motion for summary judgment by demonstrating that the alleged condition—a cardboard box—was open and obvious and not a dangerous condition."

## LEGAL STANDARD

> Unless otherwise provided by the Court or by statute or rule (such as Fed. R. Civ. P. 50, 52, and 59), a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment. There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked. The time periods for the service of answering and reply memoranda, if any, shall be governed by Local Civil Rule 6.1(a) or (b), as in the case of the original motion. No oral argument shall be heard unless the Court directs that the matter shall be reargued orally. No affidavits shall be filed by any party unless directed by the Court.
>
> Local Civil Rule 6.3.

"The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Id.

## APPLICATION OF LEGAL STANDARD

The unauthorized declarations and exhibits submitted in support of, and in opposition to, the motion are in contravention of Local Civil Rule 6.3 of this court and will not be considered in

3

determining the motion.  The defendant does not argue that the Court overlooked any factual matter or controlling decision.  The defendant's motion, including its argument that "the facts and law compelled summary judgment," is an attempt to relitigate its summary judgment motion, relying on the same factual matters and legal authorities on which the defendant relied in its summary judgment motion, all of which the Court considered when it decided the defendant's motion.  Having failed to identify any factual matter or controlling decision that the Court overlooked, the defendant failed to satisfy its burden pursuant to Local Civil Rule 6.3, and its attempt to relitigate the summary judgment motion is precisely what Local Civil Rule 6.3 is designed to prevent.  See Shrader, 70 F.3d at 257.  Accordingly, the defendant's motion for reconsideration, Docket Entry No. 43, is denied.

Dated:  New York, New York
         November 30, 2021

SO ORDERED:

_____
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE